IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gabriel H. Acosta, ) | |
| ) | Civil Action No. 6:12-1303-MGL-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden John R. Owens, ) | |
| ) | |
| Respondent. ) | |
| ) | |

      The petitioner, a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the district court.

      On July 19, 2012, the respondent filed a motion to dismiss or, in the alternative, for summary judgment. By order filed that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response in opposition on September 24, 2012.

## BACKGROUND

      The petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina. He is serving a 240-month term of incarceration with five years supervised release imposed by the United States District Court for the Eastern District of New York for Conspiracy to Distribute & Possession with Intent

to Distribute Cocaine and Conspiracy to Commit Money Laundering. The petitioner's anticipated release date is July 12, 2024, with Good Conduct Time. The disciplinary action underlying this petition occurred at FCI Fairton in New Jersey.

The petitioner seeks to overturn his administrative disciplinary action for fighting with another inmate. He claims that he is entitled to defend himself in federal prison and assert such defense at a Discipline Hearing Officer ("DHO") hearing. He seeks to have the disciplinary action expunged from his records and for 27 days of good conduct time to be restored. He also asserts a claim of failure to protect, alleging his Eighth Amendment rights have been violated. He argues the officer monitoring the cameras on the recreation yard walked away from the cameras, thereby abandoning his post, which allowed another inmate to brutally attack him. He asks the court to issue an order declaring unconstitutional the Federal Bureau of Prisons' ("BOP's") policy prohibiting inmates from defending themselves.

## STATEMENT OF FACTS

On October 19, 2010, the petitioner and inmate Salvador Garcia-Paredes were fighting each other on the recreation yard near the weight pile at FCI Fairton (m.s.j., ex. 4, Incident Report at 1). Upon investigation by the BOP officers, information and surveillance video indicated that inmate Garcia-Paredes approached the petitioner and struck him once in the facial area with his fist, knocking him to the ground. Both inmates continued to exchange punches by striking one another about the head, face, and neck areas (*id.*)

On November 2, 2010, the petitioner was charged with violating Code 201, Fighting with Another Person (*id.*). The petitioner was given a copy of the incident report the same day it was written (*id.*). An investigation was conducted and the matter referred to the Unit Discipline Committee ("UDC") (*id.* at 2). The UDC hearing was conducted on November 4, 2010 (*id.* at 1). At the UDC hearing, the petitioner again stated he was only

protecting himself (*id.*). Because of the serious nature of the charges, the UDC referred the matter to the DHO (*id.*). The petitioner was advised of his rights before the DHO (m.s.j., ex. 5, Notice of Rights Forms). He indicated that he did not want a witness or a staff representative (*id.*).

The DHO hearing was held on November 10, 2010 (m.s.j., ex. 6, DHO Report § I. B). The petitioner was present and again advised of his rights (*id.* § I.C). When asked about the charge, the petitioner stated "it was self defense and he couldn't remember anything else" (*id.* § III.B). The petitioner did not request assistance from a staff representative and did not did not request witnesses at the time of the hearing (*id.* § II.A & C).

After consideration of all the evidence, the DHO found that the petitioner committed the prohibited act as charged (*id.* § IV). The DHO imposed disallowance of 27 days good conduct time and loss of visiting for three months (*id.* § VI). The DHO prepared a written report detailing this decision, the evidence relied upon, and the reasons for the sanctions imposed (*id.* §§ V & VII). The petitioner received a copy of this written decision (*id.* § IX). He appealed this decision throughout the administrative remedy process, where the disciplinary action and sanctions were upheld (docs. 1-2 & 1-3).

## **APPLICABLE LAW AND ANALYSIS**

As matters outside the pleadings have been considered by this court, the motion will be treated as one for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. . . ."). Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is

deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

Subject matter jurisdiction is appropriate under 28 U.S.C. § 2241 for an inmate's challenge to a disciplinary action wherein good conduct time was taken as such a sanction impacts the duration of his sentence. A petition for habeas corpus under 28 U.S.C. § 2241 is the proper method to challenge the execution of a federal sentence. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial*, 115 F.3d 1192,

1194 n.5 (4th Cir. 1997) (en banc)). However, a civil rights action is the proper vehicle to challenge "the conditions of [a prisoner's] prison life, but not . . . the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Accordingly, as to the petitioner's Eighth Amendment claim that the defendant failed to protect him, the petitioner must file a lawsuit governed by *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).[1]  Therefore, the failure to protect claim should be dismissed.

The respondent concedes that the petitioner exhausted his available administrative remedies with respect to his disciplinary action (m.s.j. at 3; *see* docs. 1-2 & 1-3).  Accordingly, the undersigned will consider this claim on the merits.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Constitutional Amendment XIV § 1.  In *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), the Supreme Court held that inmates are entitled to limited due process rights in prison disciplinary proceedings to the extent that a protected liberty interest, such as the good conduct time the petitioner lost in this case, is affected.  The Supreme Court has outlined the due process protections inmates are entitled to in regards to prison disciplinary proceedings where the inmate's liberty interest is at stake.  Due process is satisfied in prison discipline hearings when the inmate receives a finding from an impartial decisionmaker and 24 hours advance written notice of the charges; an opportunity to appear at the hearing; a conditional opportunity to present documentary evidence and testimony from witnesses; and a written statement of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 564-66; *Baker v. Lyles*, 904 F.2d 925, 929 (4th Cir. 1990).  The BOP's rules embodying disciplinary procedures are codified at 28 C.F.R. §§ 541.1 *et seq*. These

---

[1] In *Bivens*, the Supreme Court created a counterpart to § 1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a *Bivens* action as opposed to one under § 1983.

rules and regulations were written so as to comply with the constitutional requirements of due process in prison discipline matters.

The record of the petitioner's hearing reflects that the BOP complied with the requirements of *Wolff*. The petitioner was given advance written notice of the charges more than 24 hours before the DHO hearing. He was offered the opportunity to present evidence in the form of documents or witnesses and to have the assistance of a staff representative. The petitioner declined the staff representative and the opportunity to call witnesses. He made a statement denying that he was fighting, claiming he acted in self-defense. The record of the hearing further reflects the decision of the DHO, the evidence relied upon, and the reasons for the decisions and the sanctions imposed (m.s.j., ex. 4, 5, 6). Accordingly, the petitioner was afforded all of the procedural due process protections required by *Wolff*.

In *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445 (1985), the Supreme Court set out the constitutional evidentiary standard to be used when courts review prison discipline decisions. The Supreme Court held that due process is satisfied if there is "some evidence" to show that the inmate committed the offense. *Id*. at 455. The Court declined to adopt a more stringent evidentiary standard as a constitutional requirement, stating that the "fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id*. at 456. The "some evidence" standard is a lenient one, requiring no more than "a modicum of evidence," and is met if there is any evidence in the record that could support the decision. *Id*. at 455-56. This standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). As the Supreme Court noted in *Hill*:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the

> record that could support the conclusion reached by the disciplinary board.

472 U.S. at 455-56. Upon review of a disciplinary proceeding, the court should determine only whether the DHO's decision to revoke good time credits has some factual basis. *Id*.; *McPherson*, 188 F.3d at 786. "Revocation of good time credits is not comparable to a criminal conviction . . . and neither the amount of evidence necessary to support such a conviction ... nor any other standard greater than some evidence applies in this context." *Hill*, 472 U.S. at 456.

Here, the records of the disciplinary action in this case reveal that there was "some evidence" to support the DHO's decision. The DHO considered the incident report, which showed that another inmate struck the petitioner in the facial area, knocking him to the ground, after which the petitioner and the other inmate continued to exchange punches. Both the petitioner and the other inmate sustained multiple abrasions, and the petitioner also had bruising and swelling of his left eye. As the decision of the DHO was based upon "some evidence," it is not so lacking in evidentiary support as to violate due process, and therefore the decision should be upheld.

Lastly, the petitioner claims that he had a constitutional right to present a self-defense theory at the DHO hearing (pet. 8-9). However, inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings. *Jones v. Cross*, 637 F.3d 841, 847-48 (7th Cir. 2011) (citing *Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007)); *accord Rudd v. Stansberry*, C.A. No. 3:10cv481-HEH, 2011 WL 2970925, at *3 (E.D. Va. July 20, 2011). A DHO is "under no constitutional obligation to allow [an inmate's] claim that he was merely defending himself to serve as a complete defense to the charge of assault." *Jones*, 637 F.3d at 848.

The petitioner argues that the Fourth Circuit's decision in *United States v. Gore*, 592 F.3d 489 (4th Cir. 2010)[2] supports his argument that he has a constitutional right to use self-defense as a defense at his DHO hearing (pet. resp. m.s.j. 6-7). The Honorable Henry E. Hudson, United States District Judge for the Eastern District of Virginia, recently stated as follows in considering this same argument:

> *Gore*, however, dealt with a federal criminal prosecution, not a prison disciplinary proceeding. *See Wolff*, 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). The United States Court of Appeals for the Seventh Circuit has observed that it is "misguided" to suggest that a "statute creating a justification defense for defending one's self or another in the criminal context gives [an inmate] a substantive constitutional right" to use violence to defend himself or herself in the context of prison disciplinary proceedings. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir.2007) (citing *Colon v. Schneider*, 899 F.2d 660, 672 (7th Cir .1990)); *see Hawkins*, 195 F.3d at 748 ("[W]hile liberty interests entitled to procedural due process protection may be created by state law as well as the Constitution itself, those entitled to substantive due process protection (whatever the procedures afforded) are 'created only by the Constitution.' " (quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985) (Powell, J., concurring))).

*Rudd*, 2011 WL 2970925, at *3. Based upon the foregoing, the petitioner's argument fails, and his claim should be dismissed.

---

[2]In *Gore*, the defendant was charged with the federal criminal offense of forcibly assaulting and resisting a correctional officer. 592 F.3d at 490. The Fourth Circuit considered whether common-law self-defense was available even though the relevant federal criminal statute contained no language providing for any affirmative defense. *Id.* at 491-92. In concluding that the affirmative defense of self-defense existed to a charge of assaulting or resisting a federal officer, the Fourth Circuit observed, "Physical contact and force are inherent in maintaining order and providing safety. But this reality cannot deny the need for self-defense in the most serious of circumstances." *Id.* at 493.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the respondent's motion for summary judgment (doc. 18) be granted and the habeas petition be dismissed with prejudice.

                                                            s/ Kevin F. McDonald
                                                            United States Magistrate Judge

December 28, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).